## CHRISTIAN OBROCK

### v.

### LOUISA OBROCK.

| 32 | 149 |
| 79 | 617 |
| 32 | 149 |
| 180s | 508 |
| 32 | 149 |
| 107 | 663 |
| 32 | 149 |
| 113 | 83 |

*Husband and Wife—Separate Maintenance—Justifiable Abandonment —Evidence—Allowance—Costs.*

Upon a petition under the statute by a wife for separate maintenance, this court declines to interfere with decree for complainant.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. J. C. THOMPSON, for appellant.

Messrs. BERRY & EPLER, for appellee.

WALL, J.   This was a petition for a separate maintenance under the statute.

The cause was heard by the court upon oral evidence and the issues were found for the complainant. The case is brought here by appeal, and errors are assigned upon the finding and the decree.

The appellant urges that the evidence does not support the allegation that complainant was, without her fault, living apart from her husband.

The parties had been previously married and each had children by the former marriage. Appellant had seven children, the two oldest being daughters, aged twenty-five and twenty-two years, respectively. These daughters had kept his house since the death of their mother, and were averse to the introduction of a step-mother. From the beginning to the end there was trouble, mostly induced through the children. There is reason to believe that but for the children appellant and appellee might have lived together with comparative peace and satisfaction. Nor was the fault wholly with the children of appellant, though it was mainly so. In these controversies the husband took the part of his own children, and the result was that the appellee was not permitted to occupy the position in the household which, as a wife, she was entitled to. She states that there was a persistent purpose to drive her from the house, to which appellant finally became committed, and on three separate occasions he told her to go.

She was charged by appellant and his children with filthy habits and unfitness to keep the house in a proper condition, and the result of it all was that she could not abide there with peace or self-respect. The conduct of appellant and his children was such as to render her position miserable in the extreme, if not absolutely intolerable, and she was abundantly justified in quitting the appellant. Such is the fair conclusion to be drawn if her version of the case is correct. There is much conflict and contradiction in the evidence, but this is more as to the extent and character of the difficulties than as to their origin, and there can be no doubt that the situation was an unhappy one for her and for all concerned.

The court, hearing this oral evidence, and having the par-

ties and witnesses present, found the wife was living apart from her husband without her fault, and we are inclined to hold that if the wife's evidence is to be credited, there was sufficient to justify the conclusion.

As to the weight to be given to the finding of the chancellor, and the grounds which will warrant a wife in withdrawing from her husband's home, reference may be had to Johnson v. Johnson, 125 Ill. 510. It is also urged that the court erred in fixing the allowance at the sum of $150 for the period from September 4, 1887, to January 1, 1889, and at the rate of $15 per month from the latter date, and in allowing $100 for a solicitor's fee as a part of the cost of the suit.

Upon consideration of the evidence we think there is no occasion for our interference in this respect. The decree will be affirmed.

*Decree affirmed.*