### Ernestina Giese v. Wilhelm Giese et al.

1. HUSBAND AND WIFE—*Conduct Not Justifying a Wife in Living Separate and Apart From Her Husband.*—The fact that the husband against his wife's wishes suffers the mother of his former wife to control the household affairs absolutely, does not justify a wife in living separate and apart from her husband.

Bill for Separate Maintenance.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Mr. Presiding Justice BALL dissenting. Opinion filed May 7, 1903.

Appellant filed a bill for separate maintenance and to set aside certain conveyances made by appellee Wilhelm Giese to his daughter. The parties were married October 25, 1900, and lived together until March 2, 1901, when she left appellee Wilhelm Giese. She alleges Wilhelm, before the marriage, promised to provide her with a home suitable to their station in life, but that he took her to a flat which was in charge of the mother of his former wife, who, supported by the husband and against the expressed wishes of appellant, ran the house to the utter exclusion of the wife; and that in all differences between the mother-in-law and the wife, the husband took the part of the former; that appellee Wilhelm Giese neglected to supply her with money or clothing; that the next day after she left, her husband wrote her to come back; she did so, remaining one night. The next morning the mother-in-law threw certain of appellant's clothes in front of her and asked her to leave. She went out of the flat on a visit, and that day and afterward repeatedly returned, but was not admitted; that appellee refused to leave his mother-in-law or to live with

his wife away from the mother-in-law; that he has property (describing it) to the value of $50,000, which he conveyed to his daughter, without consideration, by deeds recorded March 16, 1901; that he refuses to provide for appellant; that while she has certain real estate, she has no other property, is in debt, and her gross income does not exceed $15 per month, which is not sufficient to pay her interest, insurance and taxes; that appellee Wilhelm Giese has never given her to exceed fifty dollars in money and clothing. The prayer is that he may be compelled to support her, and that said deeds be set aside, etc.

The answer of the daughter is a general denial.

The answer of Wilhelm Giese admits the marriage, denies the pre-nuptial agreement, says his wife knew she was to live with the mother-in-law, and left of her own free will. When she returned for the night he was not at home and he never refused her admittance. He admits the conveyances to the daughter, and says they were made before the marriage, on consideration of $1,700 paid him by the mother-in-law, which money she had saved out of his income.

When the case was heard appellant was the only witness examined. At the conclusion of her evidence the learned chancellor dismissed the bill for want of equity. From this decree the wife has perfected this appeal.

To justify her course in living apart, appellant, among other things, testified that Wilhelm said she was a bad person and a vile person; that Carolina Heiden, the mother of a former wife of Wilhelm, regulated the household affairs; that Wilhelm only gave her $25 for her own use during the four months they lived together; that Carolina Heiden had charge of the money for household necessaries and that for the last three weeks before she left, Carolina Heiden did not speak to appellant.

FRANK C. ZINK and JOHN STELK, attorneys for appellant.

WHITFIELD & WHITFIELD, attorneys for appellees.

Giese v. Giese.

OPINION PER CURIAM.

The action of the court in dismissing the bill for want of equity amounts to a demurrer to the evidence, and therefore the question is whether the proof sustains the averments of the bill and warrants the granting of the relief prayed.

The evidence tends to prove that against her wishes and her request to the husband, he suffered the mother-in-law to control the household affairs absolutely; but there is no evidence showing that after she left him she ever saw him or was refused admittance by him. The day after she left he wrote her to return. She replied that she would no longer live with the mother-in-law, but would live with him and his daughter as soon as he got a home for them, and in the meantime they might live in her house. Thus matters stood until the bill was filed, and thus remain.

The evidence presents no serious controversy between these parties, nor any direct attempt by him to drive her away, nor any conduct upon his part that would necessarily render her miserable.

We have no sympathy with that which tends to cheapen the marriage relation, or which enables the parties easily to throw off its responsibilities. After a careful examination of this record, we are satisfied that appellant has not made out a case for separate maintenance.

The motion to dismiss the case because a freehold is involved which motion was reserved to the hearing, is denied because a freehold is not directly involved.

The decree of the Superior Court is affirmed.

MR. PRESIDING JUSTICE BALL dissents:

The question presented is this: If a husband, able to provide a separate home for his wife, takes her to a home presided over and wholly controlled by the mother-in-law, and relegates his wife, in spite of repeated requests, to a subordinate position, and submits to seeing her dominated by such mother-in-law, is the wife thereby justified in living separate and apart from her husband, and therefore entitled

to separate maintenance? Under the circumstances of this case I unhesitatingly say yes.

There is but little romance here. Each of the parties had been married before. Appellant was not an untrained girl, but was a woman of middle age, with a home of her own. The husband, before he made these voluntary conveyances in fraud of his wife, was amply able to provide her a separate home over which she could preside. Instead of so doing he took her to a flat where everything was in absolute control of his mother-in-law by a previous wife. This woman handled all the household funds and would let the wife do nothing. She even went to the store and purchased clothing which she thought was suitable for the wife; and when offended by something the wife did or said, for the last three weeks the wife remained she did not speak to appellant. The wife protested and offered to live with the husband and his daughter in any home he might select, or they might come to her house and there live until he could procure a separate home. He refused to interfere in her behalf, and then appellant did what any other self-respecting woman would do, left his house, and called upon him to give her the position in the household to which as a wife she was entitled, namely, to preside over it, subject only to his guidance and control.

The learned chancellor refused to permit appellant to show that when she returned to the house the mother-in-law took appellant's clothes and threw them in front of her and told her to get out of the house. This ruling can be justified upon no other ground than this—that whatever the mother-in-law might do to render the life of the wife miserable, is wholly immaterial in a suit for separate maintenance. I do not think so. Where the husband insists that the mother-in-law shall rule the household, her conduct toward the wife is material, for it is part of the *res gestae*, and makes her place in the home endurable or unendurable. " Besides, it is not to be laid down as settled law that a wife must live in the house with her mother-in-law or be divorced from her husband for desertion." Albee v. Albee, 141 Ill. 550; Powell v. Powell, 29 Vt. 148.

The courts have held that the husband may insist that his mother-in-law shall not live in his house, especially if she is the disturbing element. Maben v. Maben, 72 Iowa, 658, 662; Shaw v. Shaw, 17 Conn. 189, 195. Why not give the wife the same privilege? The husband can take refuge in his business or at his club, while the wife must spend most of her waking hours in the home.

This record shows that all appellant asked for was a home in which she could be mistress. To this every wife is entitled, and it is the duty of the husband to furnish one corresponding to his circumstances and condition in life. Shinn v. Shinn, 51 N. J. Eq. 78, 83; Dwyer v. Dwyer, 2 Mo. App. 17, 19; Obrock v. Obrock, 32 Ill. App. 149.

Conduct which is wholly insufficient to constitute grounds for divorce may justify a wife in living separate and apart from her husband. Farnham v. Farnham, 73 Ill. 499.

I am of the opinion that the decree of the Superior Court should be reversed.