**Maria Leith, Defendant in Error, v. Alexander B. Leith, Plaintiff in Error.**

**Gen. No. 24,326.**

1. HUSBAND AND WIFE, § 264*—*when decree for separate maintenance not sustained by evidence.* In a proceeding for separate maintenance where the only evidence in the record as to the justifiability of the separation was an affirmative answer to the question, "Have you been living separate and apart from your husband for the last two years without any fault on your part?", a decree for separate maintenance was not sustained by the evidence, since the testimony constituted a mere conclusion.

2. APPEAL AND ERROR, § 1269*—*when presumed findings of chancellor sustained by evidence.* Where the certificate of the chancellor does not show that the certificate of evidence contains all the evidence heard by him, it will be presumed that there was sufficient evidence to sustain the findings of the chancellor.

3. HUSBAND AND WIFE, § 265*—*what is interlocutory decree for separate maintenance.* A decree in a separate maintenance proceeding which merely finds the complainant entitled to separate maintenance, postponing for future consideration and determination the amount which defendant should contribute to her support, is interlocutory merely.

4. HUSBAND AND WIFE—*when objections that interlocutory order for separate maintenance is not based on evidence should be con-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*sidered.* Where an interlocutory order finding complainant entitled to separate maintenance is entered postponing for future consideration the amount to be paid by defendant, on a subsequent petition to fix the amount to be contributed by defendant it is erroneous to confine the evidence solely to the amount to be paid for separate maintenance and to decline to consider objections that the prior order was not sustained by the evidence.

5. HUSBAND AND WIFE, § 258a*—*when refusal to entertain cross-bill for divorce erroneous.* Refusal to entertain a cross-bill for divorce on a petition to fix the amount of separate maintenance, following the entry of an interlocutory decree finding complainant entitled to separate maintenance, is erroneous.

Error to the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed January 27, 1919.

SCHUYLER & WEINFELD, for plaintiff in error.

RICE, LOWES, O'NEIL & RICHARDS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this writ of error the defendant brings in review the proceedings in the Superior Court in an action brought by complainant for separate maintenance.

The bill was filed in October, 1903, to which defendant made answer. No hearing was had until October, 1915, and the chancellor after hearing made an order on November 5, 1915, as follows:

"That the said complainant be and she is hereby decreed to live separate and apart from the said defendant, and that he shall contribute to her support from time to time such sum or sums as the court may hereafter designate, and this cause is hereby now continued to enable the court to take testimony to determine the amount that the said defendant shall con-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tribute toward the support and maintenance of the complainant.''

Defendant urges that this is not supported by the evidence, and on inspection of the record we find this is so. The only evidence in the record before us tending to support the finding of the chancellor was the following question put to complainant, and her answer:

''Q.  Have you been living separate and apart from your husband for the last two years without any fault on your part?  A.  Yes.''

This is a mere conclusion of the witness and is not sufficient.  As was said in *Umlauf v. Umlauf*, 117 Ill. 580:

''If the wife, therefore, in bringing a suit of this kind, is not prepared to show that she is without fault, she will fail to bring herself within the statute, and must necessarily be defeated in her action.  *  *  *
She had to go one step further, and show that such living apart from her husband was without fault on her part.''

See also, *Kingman v. Kingman*, 150 Ill. App. 456; *Giese v. Giese*, 107 Ill. App. 659.

Complainant replies that the certificate of the chancellor does not show that the certificate of evidence before us contains all of the evidence heard by him.  As this is the fact we must presume that there was sufficient evidence to sustain the findings of the chancellor. *Allen v. Henn*, 197 Ill. 486, and cases there cited.

Another point made by defendant is that the order of November 5th above quoted is not a final decree. We are of the opinion the point is well taken.  In *Hunter v. Hunter*, 100 Ill. 519, the court said of an order substantially like the one before us that it was not a final decree, and that ''until the sum defendant should pay for the separate maintenance of complainant was determined, and a decree pronounced definitely settling the rights of the parties, it could not be said any final decree had been rendered in the cause  The order made by the court touching separate maintenance for

complainant was interlocutory." In *Quinn v. Mc-Mahan*, 40 Ill. App. 593, the court held that "an interlocutory order does not settle the rights of the parties and is not regarded as a verity, for the reason that it may at any time be changed or altered before the final decree is entered."

The record shows that about two years after the above order was entered the complainant filed her petition in the Superior Court reciting the entry of said order and asking the court to proceed to fix the amount to be allowed to her for separate maintenance. To this petition defendant filed an answer denying that she was entitled to separate maintenance, denying that she was living separate and apart from him without her fault, and alleging that the cause of separation was misconduct on her part. Defendant also asked leave to file a cross-bill praying for a divorce, but the chancellor, who was not the same as the one who had entered the order of November 5th, held that order to be a final decree adjudicating the rights of the parties, and refused to permit the cross-bill to be filed, and proceeded over objection of the defendant to hear evidence, limiting it to the question of the amount to be paid for separate maintenance. Objections were made to this on the ground that complainant had not shown that she was entitled to separate maintenance and that the evidence theretofore taken did not support any finding to that effect, and that the order previously entered was merely interlocutory and not a final adjudication of the question, but the objections were overruled, and the court after hearing testimony on the subject of the amount of separate maintenance, entered a decree requiring defendant to pay complainant $7 per week for her support.

If, as we have above held, the order of November 5th was merely interlocutory and subject to alteration and change upon further evidence heard at any subsequent proceeding, it was error for the last chan-

cellor to proceed upon the assumption that it was a final adjudication of the rights of the parties, and to limit testimony solely to the question of the amount complainant should have for her separate maintenance.

It also appears that the reason the chancellor denied defendant's motion to file a cross-bill was that the order of November 5th was a final decree. As we have held to the contrary, no sound reason would appear for denying defendant's motion in this respect.

For the reasons above indicated the decree of the Superior Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded with directions.*