WILLIAM W. POWELL v. MARY ANN POWELL.

*Divorce. Willful desertion.*

A willful desertion within the meaning of the statute which makes it, when continued for three years, a sufficient cause for a divorce, must be a desertion without any good reason, or without such a reason as the party upon probable proof believes to be sufficient.

If a sufficient reason is assigned as to the existence of which the party has a *bona fide* belief, it will be incumbent upon the other party to at least show that the reason assigned does not exist, and that there were no sufficient grounds for such belief; and *quaere* whether even this showing would justify the court in treating the desertion as willful, particularly if no exertions had been used to remove the false impression.

In this case the wife merely refused to live with her husband in a particular locality "near his relations," which he persisted in doing. *Held*, that in the absence of proof that this was a mere simulated excuse, the court would regard it as made in good faith; and if her refusal to live with him in that locality was because she believed she could not live happily there, it should not be regarded as willful.

LIBEL FOR A DIVORCE on account of the alleged willful desertion of the libellee for three years. The facts in the case are sufficiently stated in the opinion of the court, which was delivered by

REDFIELD, CH. J. This is a petition for divorce by the husband against the wife, on the ground of desertion. The cause, in the words of the statute is " for willful desertion for three years." We suppose the desertion, to be willful, must be without any sufficient cause, or any cause which the party, upon probable proof, believes to be sufficient, as where one party remains absent from the other upon the *bona fide* belief of misconduct in such party of a character to justify such separation. And it is questionable, perhaps, where one party remains absent from the other upon the *bona fide* belief of such cause existing, whether the court should grant divorce from the bonds of matrimony, which is the only species of divorce recognized in our law, even upon proof that such cause did not in fact exist, and that the other party had no sufficient reason to believe in its existence. Especially should it be so regarded where the party petitioning had taken no efficient steps to remove such false impression, or had conducted with haste and want of condescension in regard to it.

And in cases where the proceeding in the trial is altogether *exparte*, as in the present case, we do not feel justified in making the same favorable construction of the evidence which we should be inclined to do where the matter partook more of the adversary character in its trial. In such cases experience will show, we think, that it is safe, as a general rule, to make all reasonable presumptions against the evidence, and thus to conclude that where

it is consistent with all the proof that no cause of divorce should exist, to so hold.

In the present case the parties were married some ten or eleven years ago, at Milton, where they lived together a short time, and then removed to the state of New York, where they resided together till some three years since, when the husband returned to Milton. His wife refused to go with him " to live with him near his relatives." He urged her to return to the state of Vermont, and when he left told her any time when she concluded to come to live with him to let him know, and he would send her money to come with. But she has persisted in her refusal to live with him near his relations, and he seems to have persisted she should do so. This seems to have been the only cause of the separation.

Now, while we recognize fully the right of the husband to direct the affairs of his own house, and to determine the place of the abode of the family, and that it is in general the duty of the wife to submit to such determinations, it is still not an entirely arbitrary power which the husband exercises in these matters. He must exercise reason and discretion in regard to them. If there is any ground to conjecture that the husband requires the wife to reside where her health or her comfort will be jeoparded, or even where she seriously believes such results will follow which will almost of necessity produce the effect, and it is only upon that ground that she separates from him, the court cannot regard her desertion as continued from mere willfulness.

Any man who has proper tenderness and affection for his wife would certainly not require her to reside near his relatives if her peace of mind were thereby seriously disturbed. This would be very far from compliance with the Scriptural exposition of the duty of husbands : " For this cause shall a man leave father and mother and cleave to his wife, and they twain shall be one flesh."

And in the present case, as the wife alleges the vicinity of the husband's relatives as a reason why she cannot consent to come to Milton to live with him, and as every one at all experienced in such matters, knows that it is not uncommon for the female relatives of the husband to create, either intentionally or accidentally, disquietude in the mind of the wife, and thereby to

destroy her comfort and health often, and as there is no attempt here to show that this is a similated excuse, we must treat it as made in good faith, and if so, we are not prepared to say that she is liable to be divorced for acting upon it.

Petition dismissed.