## COMMONWEALTH *vs.* FOSTER HAM.

Middlesex.　May 24, 1892. — June 21, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Complaint — Neglect to support Wife — Evidence — Ruling.*

On a complaint under the St. of 1885, c. 176, charging the defendant with unreasonably neglecting to provide for the support of his wife, the defendant set up that his neglect was not unreasonable in view of her conduct, and charged her with breaches of her marriage duty, and with having declared that she would not live with him. *Held,* that the record of a decree of the Probate Court upon a petition by the wife for separate maintenance, declaring that the wife was living apart from the defendant for justifiable cause, and ordering him to pay her sixteen dollars a month; and the record of a libel by the husband for divorce on the grounds of drunkenness and cruelty, and a decree dismissing the same after hearing, were both admissible in rebuttal.

If it ever be true that an offence for a cause for divorce will justify a husband as against the Commonwealth in neglecting to support his wife, whether in a particular case cruelty or intoxication falling short of that will be enough, must depend on the circumstances, and the question is for the jury.

HOLMES, J. This is a complaint under the St. of 1885, c. 176, charging the defendant with unreasonably neglecting to provide for the support of his wife. He set up that his neglect to do so was not unreasonable, in view of her conduct, and charged her with various breaches of her marriage duty, and with having declared that she would not live with him. In rebuttal, the defendant's charges were contradicted, and two records also were put in, subject to the defendant's exceptions. The first of these was a decree of the Probate Court upon a petition by the wife

for separate maintenance, declaring that the wife was living apart from the defendant for justifiable cause, and ordering him to pay her sixteen dollars a month. The second was a libel by the husband for divorce, on the grounds of drunkenness and cruelty, and a decree dismissing the same after hearing. There is nothing to show that these records were let in as evidence of the facts decided, as tending to prove that the defendant's wife was living apart from him for justifiable cause, or that she had not been guilty of cruelty and had not gross and confirmed habits of intoxication. But with regard to what is called in *Brigham* v. *Fayerweather*, 140 Mass. 411, 413, the legislative effect of the decree in the former case, in so far, that is, as the decree created an obligation on the defendant to pay his wife sixteen dollars a month, it would be impossible to say that it had no bearing on the question whether he was reasonable in refusing to pay her anything, notwithstanding the fact that it was *res inter alios.*

The ground, however, on which both decrees were admitted was a broader one, no doubt. The defendant took the position that less than sufficient to entitle him to a divorce would justify him in refusing to support his wife, and went into evidence of her conduct generally. The decrees were facts bearing on the same subject, and tending to explain her conduct, and therefore were admissible in rebuttal. The alleged declaration of the wife, for instance, that she would not live with the defendant, assumed a different color if made after the two proceedings the records of which were introduced. The evidence was admissible for the purpose explained.

The defendant asked an instruction that, to justify his neglect, his wife's habits of intoxication need not be so gross or so confirmed as to entitle him to a divorce, and a similar one as to her alleged cruel and abusive treatment. The judge left the question to the jury at large, saying that they had a right to consider such facts as they might find; but that he could not say, as matter of law, that the habits need not be so gross or the cruel treatment of such a degree as to entitle him to a divorce. The plain meaning of the charge was to leave the whole matter to the jury. If they thought, under the circumstances of the case which had been detailed to them, that the defendant would not have been

justified in neglecting to support his wife by less than a good cause for divorce, they were ·at liberty to find so. They were equally at liberty to find that the defendant was justified by much less than what would have amounted to a cause of divorce. It is enough to say, that, so far as appears, this was sufficiently favorable to the defendant. If it ever be true that an offence short of a cause for divorce will justify a husband as against the Commonwealth in neglecting to support his wife, whether in a particular case cruelty or intoxication falling short of that will be enough, must depend on the circumstances. There is no universal proposition that can be laid down with any advantage.

*Exceptions overruled.*

*C. Cowley*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.