WILLIAM J. JONES, Appellant, v. ROSE M. JONES,
Respondent.

St. Louis Court of Appeals, December 19, 1893.

Divorce: DESERTION BY WIFE.   If a husband sees fit to invite members
of his family to live with him, his wife has no right to leave his home
on that account.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED AND REMANDED *(with directions)*.

*P. W. Fauntleroy* for appellant.

*Stone & Slevin* for respondent.

The question before the court is one merely of the
sufficiency of the evidence to warrant the action of
the trial court in dismissing the bill.   In such cases
the appellate court will defer greatly to the opinion of
the trial court.   The witnesses are there present; their
credibility can be determined by their manner and
demeanor. *Walker v. Owens,* 25 Mo. App. 587; *Mathias
v. O'Neil,* 94 Mo. 520.   A wife is guilty of no wrong,
who leaves her husband because of torment offered
from his relations living with him, and is not bound to
return to him unless he assures her of protection from
continuance of the wrong. *Spengler v. Spengler,* 38
Mo. App. 266.

BOND, J.—This an action for divorce, brought by
the husband upon the statutory ground that the wife
had absented herself "without any reasonable cause for
the space of one year." Revised Statutes, 1889, section
4500.

The answer was a general denial.    There was a trial and judgment dismissing the petition, from which the plaintiff has appealed, and he assigns for error that under the evidence the court should have granted a divorce.    There is no dispute that the respondent absented herself from the appellant for a longer period than one year.    The only question, therefore, is whether or not such desertion was for a reasonable cause.

The evidence showed that the parties intermarried on June 18, 1890, and lived together in a house owned by the mother of the appellant, the three constituting the whole family, up to February 18, 1891, at which time the wife left and spent a month with her parents, after which she returned to the appellant and remained with him five weeks (April 25, 1891).    Since then she had absented herself.    The evidence is that the appellant earned about eighteen dollars per week, and that his mother with whom he lived had no means but the little house.

It is not denied that the appellant's mother did all the house cleaning, washing, ironing and cooking for the family, with some assistance from the respondent in ironing plain pieces and a little help in the cooking.    The respondent admits that this state of affairs continued for about seven months after her marriage, during which she had an "easy time;" that for eight months after their marriage the respondent declined to accord appellant his martial rights, and that, in the middle of April, 1891, she told him "all intercourse with her was done forever," and left his home and took up her abode with her parents.

The evidence disclosed that the appellant requested his wife to return to him both on the occasion of her first and second departures; that at first she wrote him that she would do so, if he would provide her a

separate house apart from his mother. He replied that he was unable to do so, and that it was her duty "to come home and behave herself."

After respondent finally left her husband she wrote him the following letter:

"St. Louis, August 2, 1891.

"Billy: I received your what I would call very saucy note, and I think it will about settle everything between us, that is, as far as I can look into the future. I am afraid we can never be friends again. I can never live under the same roof with your mother, for she has too violent a temper for me to trust myself with her. As long as your mother says that I am not good or honest or faithful and was so very dirty, I don't see what you would be doing with me out there. I don't see how your mother dare say I am not honest. Have I ever taken anything from you? She better be careful how she speaks about me, or she may have to pay dear for it. I will have no one call me dishonest. And as you are not man enough and too stingy to look after a wife, you had better stay with your mother, where you belong. So when you can act like a man and a husband, and get a home for me without your mother interfering with my affairs, I will go with you. One can easily see what kind of a man you are. I have now been away 4 months, and I have never received one nickel from you, not even so much as to pay my car fare when I have met you. *I have got a situation, and am going to work to earn my own money independent of you. I don't see why you are bothering yourself asking me to come home. I have heard that you have been consulting a lawyer, and I don't see what you are thinking about wanting me to come home after you have gone that far.* Why don't you finish the proceedings, and leave me where I am? You can blame your mother for all this trouble she has bought on us. She

has belied me all through, and you have believed it all. Her own heart will tell her what she has done. I have never seen a woman with such a temper as she has got, but I will leave her to God, as he is the best judge. *Do not write any more letters to me, as it will only be a waste of time. So I suppose I may say good-bye forever; for we can never live together while your mother is there, unless something extraordinary occurs that will alter the affair, and until such times I intend to stay where I am. So I must close my letter. From your wife,*                                        Rose.''

It is not denied in the record that appellant's home was comfortable and well supplied with necessary food, and in all respects suitable to his condition in life. Nor is any excuse given by respondent for leaving this home, except the complaint that her mother-in-law was a woman of ungovernable temper and had spoken to respondent about the way the windows were cleaned, and that she (appellant's mother) had words with a couple of the neighbors, because respondent spoke to them.

We think the action of the trial court in dismissing the appellant's petition is wholly unwarranted under the evidence adduced on the trial. Respondent left the home of her husband for the full statutory period, not for want of support, or any indignity inflicted by her husband, but in substance because his mother lived in the same house.

True, respondent gives as the reason for her refusal to live with her husband that his mother's temper was violent, ungovernable, etc. But when she is asked to specify instances of such manifestations of temper, she is compelled to admit on cross-examination that during the first seven months of her marriage her mother-in-law treated her kindly, and did all the house cleaning and other heavy work. Nor was respondent

able to give subsequently any instances of a contrary disposition on the part of her mother-in-law, except respondent's statement that her mother-in-law made "snappish" complaints about the cleaning of some windows after respondent (on her second return to her husband) had assumed charge of the household work and duties, and also that her mother-in-law did not want her (respondent) to speak to anyone around there.

There is not a shadow of testimony tending to prove that appellant consented to, or connived at the absence of his wife; on the contrary, the evidence is abundant that he exerted all of his influence to get her to return.

The law is that it is the duty of the wife to share her husband's fortunes and to remain in his home, however humble, if it is all he can provide. *Messenger v. Messenger*, 56 Mo. 329, 337. If the husband sees fit to invite members of his family to live with him, his wife, cannot on that account leave his home. *Lindenschmidt v. Lindenschmidt*, 29 Mo. App. *loc. cit.* 300.

The application of these principles of law to these facts of this case demonstrate that respondent had no reasonable cause to absent herself from her husband. The only conclusion to be drawn from all the evidence is that her abandonment of her husband's roof was caused merely by her dissatisfaction with her lot as wife. She had voluntarily assumed that relation. The highest interests of society forbade her to renounce it at will.

Our conclusion is that appellant under this record is entitled to a divorce for the statutory grounds set forth in his petition. The judgment of the trial court is therefore reversed, and the cause remanded with directions to the circuit court to render a judgment herein in accordance with this opinion. All concur.