THE STATE OF CONNECTICUT *vs.* JAMES NEWMAN.

Third Judicial District, New Haven, June Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It is not essential that a husband should have been guilty of adultery or of intolerable cruelty to his wife, to justify her in leaving him; any conduct upon his part which defeats the purpose of the marriage relation is sufficient. And where the wife's absence is justified, the husband remains liable for her maintenance and may be prosecuted under chapter 214 of the Public Acts of 1905, in case he neglects or refuses to support her.

What specific acts or conduct will justify a wife in leaving her husband,

and what conduct of hers will justify him in refusing to support her, are questions of fact for the jury in each case, under suitable instructions from the court.

The refusal of a husband to support his wife is unlawful unless it is justified or excused; and therefore, his refusal having been established, it devolves upon him to prove such facts as constitute a legal excuse or justification.

A criminal prosecution of a husband for unlawfully neglecting or refusing to support his wife, and a civil action by her against him for support, stand upon very different ground and are governed by different principles.

Criticism of single, detached sentences of a charge, is of no avail, if the instructions upon that point, taken as a whole, are correct and adequate for the jury's guidance.

Argued June 9th—decided July 27th, 1916.

INFORMATION charging the defendant with unlawfully neglecting and refusing to support his wife, brought to the Borough Court of Naugatuck and thence by appeal of the defendant to the District Court of Waterbury and tried to the jury before *Reeves, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Dennis W. Coleman,* with whom was *William Kennedy,* for the appellant (the accused).

*Clayton L. Klein,* Prosecuting Attorney, for the appellee (the State).

RORABACK, J. This is a complaint under the Public Acts of 1905, chapter 214, p. 410, charging the defendant with unlawfully neglecting and refusing to support his wife who had separated from him. It is undisputed that Elizabeth Newman is the wife of the accused and that he has not supported her. This, as the defendant claims and has offered evidence to prove, was owing to the fault of the wife. This charge was contradicted by the wife and by other witnesses.

The Act upon which this prosecution is based, in part provides: "Every person who shall unlawfully neglect or refuse to support his wife or children shall, upon conviction, be deemed guilty of a felony and shall be imprisoned not more than one year, unless he shall show to the court before which the trial is had, that, owing to physical incapacity or other good cause, he is unable to furnish such support; provided, that in case of conviction for the offense aforesaid, the court before which such conviction is had, may, in lieu of the penalty herein provided, accept from the person convicted a bond to the treasurer of the town in which such conviction is had, or in case of conviction on appeal, to the treasurer of the town in which conviction is originally had, with good and sufficient surety, conditioned for the support of the wife, child, or children, as the case may be, or for the payment of such sum towards such support as the court may find the necessities of the case and the ability of such person may require."

The defendant requested the court to instruct the jury as follows: "No conduct on the part of the defendant in this case, except adultery or conduct toward and treatment of his wife which amounts to intolerable cruelty, can justify or excuse her abandonment of him or her refusal to cohabit and live with him."

This request was properly refused. The terms of the statute, "who shall unlawfully neglect or refuse to support his wife," should be put upon broader ground than that claimed for them by the defendant. The statute in question is general in its terms, embodying no exceptions, and when interpreted fairly it furnishes no justification for the defendant's contention that this action cannot be maintained unless it appears that the husband has been guilty of adultery or intolerable cruelty. It may be stated that there is no universal

proposition that governs the general questions involved in this case. What is a reasonable excuse to justify the wife in leaving her husband, and what conduct of the wife will justify the husband in refusing to support his wife, under the circumstances of a given case, are questions for the jury. *Commonwealth* v. *Ham*, 156 Mass. 485, 486, 487, 31 N. E. 639. Of course, any improper conduct upon the part of the husband, which would defeat the purpose of the marriage relation, would justify the wife in separating from her husband, although such conduct might not be intolerable cruelty or adultery. Upon this subject the judge properly instructed the jury as follows: "You should carefully consider all the evidence and circumstances surrounding this accused and his wife generally, and decide whether the departure of the wife from the home was due to her sole fault or due to the fault of the accused. If you believe from the evidence that the wife of the accused left him without just cause, as I have defined just cause for you, then you should find the accused not guilty. If you believe from the evidence beyond a reasonable doubt that this accused has unlawfully neglected or refused to support his wife, then you should find him guilty. You should carefully consider all of the evidence before you and decide whether the wife left the home of the accused for justifiable reasons, as defined to you, or whether she left without justifiable cause and for some reason which does not appear here." The court had previously said to the jury: "If the separation between the parties, the breach of the marital relation between them, the denial of the benefits of the marriage relation to the husband, occurred by the sole fault of the wife or substantially by her sole fault, she could not compel him to support her while by her own fault the marital relation continued to be broken and the benefits of it denied to the husband.

But if the fault was a common fault in which to a substantial extent they both concurred, and by reason of quarrels and bickerings in which they were both responsible in a valid sense, I think he would not be relieved from the primary duty which the law casts upon him of the support of his wife." It also appears that almost one page of the record is filled with instructions of the court, which embody the exact language of the defendant's requests upon this subject. These declarations correctly state well-recognized principles of law relating to this question, and when read in connection with other portions of the charge upon this point, correctly and fully define the rule applicable to the character and necessary degree of proof in the present case.

It is to be observed that this proceeding is not instituted in the name of the wife, but that it is a criminal prosecution in the name of the State. The evidence necessary to sustain a prosecution like the present one is altogether different from that in an action brought directly in the name of and for the benefit of the wife. *State* v. *Karagavoorian*, 32 R. I. 477, 79 Atl. 1111, 1113.

It is also to be noticed that in the case of *Belden* v. *Belden*, 82 Conn. 611, 74 Atl. 896, which was an action by the wife to compel her husband to furnish support, this court said: "An offer by a husband to provide support for his indigent wife at his own home, where she had already suffered, and was likely to continue to suffer, such personal indignities, humiliations and abuse as to make her life there unendurable, was no defense to the husband in an action against him upon the statute; a proffer of support under such conditions being one that the law would not countenance or recognize."

The eighth, ninth and tenth assignments of error are

criticisms of single, detached sentences of the charge. These portions of the charge, when considered separately, may appear open to the criticism that they improperly state the degree of proof required of the defendant to justify a refusal, upon the defendant's part, to support his wife. But when we regard the entire charge of the court upon this point, we think that the jury could not have been misled upon the subject referred to in these three assignments.

A discussion of the eleventh assignment of error involves a consideration of the question raised by the three assignments just referred to. The eleventh assignment is as follows: "But if he has proven such facts, that is to say, if he has proven that the parties are living apart from the sole fault of the wife and her refusal to bear the burdens of the marital relation resting upon her, and has proved such facts by a sufficient amount of evidence to raise in your mind a reasonable doubt whether the refusal to support her was or was not unlawful,—then the State has failed to prove its case beyond a reasonable doubt, and your verdict should be 'not guilty.'" The following passage from the charge, which immediately preceded the instructions just referred to, illustrates the manner in which the court treated this subject. It had just stated: "Here, as in every criminal case, gentlemen, the State must make out the facts which are charged beyond a reasonable doubt. It must satisfy you beyond a reasonable doubt not only that the accused has neglected and refused to support his wife, but that he has refused unlawfully. But, as I have said, the refusal is in itself unlawful, or the neglect is itself unlawful, unless excused. The defendant must prove some set of facts which justifies his neglect or you must find the refusal unlawful." These instructions were sufficiently favorable to the defendant upon this point, and accord with

the declarations of this court in the case of *State* v. *Schweitzer*, 57 Conn. 532, 540–543, 18 Atl. 787, which was a criminal prosecution for the neglect and refusal of the husband to support his wife.

There is no error.

In this opinion the other judges concurred.