THE STATE OF CONNECTICUT *vs.* H. MORTIMER KELLY.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A motion that the complaint be separated into two counts, which, so far as appears of record, was not passed upon by the trial court, is not properly before this court, although assigned as error.
The method of drawing and summoning a jury panel for the term of court, prescribed by § 5688 of the General Statutes, is mandatory;

but additional jurors to serve as talesmen may by order of court be selected from bystanders or citizens generally, or obtained from the prescribed list of jurors drawn from the jury boxes in the regular way; the latter method being preferable when it does not involve too much loss of time.

The duty of a husband to support his wife is not discharged by furnishing her with the bare necessities of life and no more. He is bound to provide her with suitable clothing, lodging, food and medical attendance, the kind and amount of which are to be determined in each case by the means, ability, social position and circumstances of the particular husband and of his wife; and the obligation of a father to his child is the same, although in some cases it may be even more stringent.

The accused requested the court to charge that the State must prove not only the neglect or refusal to support, but also that such neglect or refusal was unlawful. *Held* that the request was a proper one, and that the charge as given substantially complied with the request.

While the wife's obligation to render family service is correlative with that of the husband to support her, her failure to fulfil this duty does not relieve the husband of his duty of support. That duty continues during the marital relation unless the wife wrongfully leaves him, or is guilty of adultery during the period of their cohabitation or after he has left her without cause.

Argued April 15th—decided June 2d, 1924.

INFORMATION for unlawfully neglecting and refusing to support his wife and child, brought to the City Court of Waterbury and thence, by the appeal of the accused, to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Vincent A. Scully,* with whom, on the brief, was *John H. Cassidy,* for the appellant (the accused).

*William J. Larkin, Jr.,* Prosecuting Attorney, for the appellee (the State).

WHEELER, C. J. The accused moved that the complaint be separated in two counts, one for the support

of the child and one for the support of the wife; so far as the record before us shows, the trial court never passed on the motion, and although assigned among the errors it is not properly before us.

A challenge to the array of jurors was made by the accused because the jurors required to complete the jury panel were not drawn in accordance with General Statutes, § 5688, in that five jurors residing in Litchfield County were drawn in the absence both of a sheriff and of a deputy sheriff of Litchfield County, and the three days' notice was not posted in the clerk's office in advance of the drawing, in violation of the provisions of this section. The finding states that nine jurors were accepted and three more required. The trial court excused another juror from attendance making the additional jurors required four. The trial judge ordered additional jurors to be drawn forthwith, and continued the case until the next day. Immediately upon adjournment the clerk of the court, in the presence of the trial judge, a deputy sheriff of New Haven County, the prosecuting attorney, the assistant clerk of the court, and defendant's counsel, drew the names of jurors from the jury boxes, among whom were five jurors resident in towns in Litchfield County and within the judicial district of Waterbury. No sheriff or deputy sheriff for Litchfield County was present at the drawing of the jurors residing in that county. The jurors residing in Litchfield County were duly summoned to appear in court, but from their number none of the four remaining jurors were chosen.

Talesmen may by order of court be selected from bystanders or citizens generally, or they may be obtained from the prescribed list of jurors drawn from the jury boxes in the regular way. The latter method is the preferable method and should be adopted if it does not result in too much loss of time. *Cook* v.

*Fogarty*, 103 Iowa, 500, 503, 72 N. W. 677; 16 Ruling Case Law, p. 231, § 49. General Statutes, § 5688, provides for the drawing and summoning of jurors for the jury term. That method is designed to safeguard this important official duty. In the drawing and summoning of the jury panel, the statutory provisions are mandatory. But in the drawing of additional jurors to serve as talesmen the procedure of the statute is not applicable. Any method which insures an impartial and fair drawing of these additional jurors upon due notice to counsel for both parties and in the presence and under the direction of the judge or clerk, will be a proper method. That adopted in this case complied with every requirement to ensure fairness.

The duty of the accused to support his wife and child, we state in *State* v. *Moran*, 99 Conn. 115, 119, 121 Atl. 277, to be: "To support a wife is to furnish her with such necessaries as the law deems essential to her health and comfort, including suitable clothing, lodging, food and medical attendance. What they are in kind and amount, is to be determined in each case by the means, ability, social position and circumstances both of the particular husband and of his wife. The obligation of the father to support his child is the same, although in some cases more stringent." This duty the trial court presented to the jury with clearness, and in substantial conformity to the rule we have just quoted. Defendant's request fifteen, that support to the wife and child is such as "will furnish her with the bare necessities of life, in accordance with her station in life and no more," is at variance with our rule.

The portions of the charge forming alleged errors three and four are criticised as stating claims of the accused which were never made. The record before us does not support this criticism.

Requests to charge six to eight, ten, twelve, fourteen and sixteen, vary in their facts from the finding as to the claimed facts proven. Request thirteen—that "an essential fact that the State must prove is that the defendant unlawfully refused and neglected to support his wife and child—two facts must be found by you— first, that he has neglected and refused to support his wife and child; second, that if he has so refused and neglected, that this refusal and neglect was unlawful. If you are not convinced beyond a reasonable doubt that both essentials are proved, if one is lacking, then your verdict should be not guilty,"—should have been given, and we think in substance was given to the jury. Likewise requests to charge one to three, nine and eleven, were in substance given to the jury.

Request five, that the "right of the wife to obtain support from her husband is dependent upon the duty on her part to perform the functions of a wife and mother, that is, it is her duty to keep the house for her husband, to do her housework, and to act as a wife to her husband, if she fails so to do the husband is under no duty to support his wife," is not good law. While the wife's obligation to render family service is correlative with that of the husband to render to her support, the failure of the wife to fulfil this duty does not relieve the husband of his duty of support. That duty continues during the marital relation unless the wife wrongfully leaves the husband, or is guilty of adultery during the period of their cohabitation, or after the husband has left his wife without cause. Schouler on Husband & Wife (Ed. 1882) § 113; *Alley* v. *Winn*, 134 Mass. 77; *Gill* v. *Read*, 5 R. I. 343; *State* v. *Schweitzer*, 57 Conn. 532, 18 Atl. 787; *State* v. *Newman*, 91 Conn. 6, 98 Atl. 346.

The defendant's counsel in his brief recognizes that

his failure to secure a correction of the finding makes most of his requests to charge unavailable upon the appeal.

There is no error.

In this opinion the other judges concurred.