## GERTRUDE FRANCES LITTLE, ET AL.
vs.
## ARTHUR JOSEPH LITTLE, ET AL.

Superior Court     New Haven County     File #51589

Present: Hon. EARNEST C. SIMPSON, Judge.

Franklin Coeller,          Attorney for the Plaintiffs.

Woodruff, Klein & White,    Attorneys for the Defendants.

## MEMORANDUM FILED FEBRUARY 11, 1937.

SIMPSON, J. This is an action in equity brought by Gertrude Frances Little, in her own behalf and in behalf of her two minor children, to require the defendant Arthur Joseph Little, the husband of the plaintiff and father of the two minor children, to contribute to the support of plaintiff and two minor children.

The plaintiff also alleges that the defendant Arthur Joseph Little transferred to the defendant Florence Jessie Carlstrom

certain money in various banks with intent to defraud the plaintiff. There being no show of any such transfer for the purpose to defraud, judgment will have to be rendered in favor of the defendant, Florence Jessie Carlstrom.

This leaves for consideration the action against the principal defendant Arthur Joseph Little, for support.

The defendant Arthur Joseph Little makes three principal claims as a matter of defense.

1. That the Court is without jurisdiction to hear and determine the matter because the amount involved at the most does not exceed $300.00.

2. That the plaintiff having been denied a divorce by this court upon a report of a State Referee she is barred from prosecuting this action. In other words, that the judgment dismissing the action for divorce is res adjudicata.

3. That the plaintiff, Gertrude Frances Little, was living apart from defendant without justifiable cause.

In regard to the first claim it may be said that the Court had jurisdiction of the parties by appearance and upon the complaint and ad damnum had jurisdiction of the subject matter.

The second claim is overruled. Even if the judgment dismissing plaintiff's action for divorce is admissible it is not res adjudicata. The same issues are not involved. Defendant's claim is based upon the plaintiff's claimed failure to prove intolerable cruelty. But it was not necessary in this action for plaintiff to prove intolerable cruelty to entitle her to support while living apart from her husband. She might be justified in living apart from her husband even though intolerable cruelty be not proven. **State vs. Newman, 91 Conn. 6.** In this case the Supreme Court approved the following portion of the Court's charge, as justifying the wife living apart from her husband.

"But if the fault was a common fault in which to a substantial extent they both concurred and by reasons of quarrels and bickerings in which they both were responsible in a valid sense, I think he would not be relieved from his duty which the law places upon him to support his wife."

The Court held that it was not necessary for the State to

prove either intolerable cruelty or adultery to entitle the wife to support and that it was a question of fact for the jury to decide whether she was justified in living apart from her husband. While the action was a criminal action, its primary purpose was to compel the defendant to support his wife, the same principles of law are applicable to a case like the present one.

This leaves for consideration the question of whether or not the plaintiff was justified in living apart from her husband. Without reciting the testimony on this subject in detail, it very clearly appears that this is another matrimonial venture that has gone on the rocks. In the judgment of the Court the defendant was chiefly responsible for this breaking up of the family, but at the same time the plaintiff contributed to a more or less extent.

The fact is the conditions in the family had become such that the Court cannot say she should have remained with her husband at the risk of losing her right to support if she left. She chose the latter, and it is found she was justified in so doing, not only for her health but also to avoid the quarrels with her husband and mistreatment by him.

It is found that she is entitled to have her husband contribute to her and the children's support as long as they remain with her. While it appears that at present the defendant is not working, but he is capable of working if he so desires. In fixing the amount of contribution the Court takes into consideration his present ability to pay and also his ability to work if he so desires.

Judgment is given for the plaintiff to recover at the rate of $15. per week from November 4, 1936, the date of the writ, to date, amounting to $210.00 and costs for which execution may forthwith issue, and that defendant contribute the sum of $15. per week to plaintiff Gertrude Frances Little toward her support and that of his two children and that execution therefore issue quarterly until further order of the court, and that unless defendant give bond with sufficient surety to pay such amount that the money garnisheed in the Connecticut Savings Bank and the New Haven Savings Bank be held by said banks subject to future execution.