State of Connecticut *v.* Clifford Allderige.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

378

Argued April 8th—decided June 9th, 1938.

*Arthur F. Brown,* with whom was *Sheridan T. Whitaker,* for the appellant (defendant).

*Edwin S. Pickett,* Prosecuting Attorney, with whom was *Leonard J. Gilhuly,* for the appellee (the State).

HINMAN, J. The defendant was charged with and convicted of violation of § 1702c of the General Stat-

utes, Cum. Sup. 1935, which provides that "any person who shall neglect or refuse to furnish reasonably necessary support to his wife, child, grandchild, parent or grandparent" shall be punished or dealt with as therein provided. The finding reflects the evidence in that it is brief and in some respects unsatisfactory. It states that the defendant and his wife intermarried in September, 1933, and lived together in West Haven, two of the wife's brothers rooming and boarding with them, until May 8th, 1937. On that date the defendant "left his wife, telling her he was going to get a 3-room apartment for himself and his mother. Since this time she has received no support from him"; the wife still maintains her home; her brothers continue to board with her, but her income is insufficient for her proper support; the defendant is regularly employed, earning $37.50 weekly; he "offered to support his wife if she came to live with him in the home maintained for his mother, but she refused to live there as long as the mother remained." The further findings, which are the principal objects of attack on this appeal, are as follows: "The mother of appellant is eighty years of age and her claim that she is unable to live alone is chiefly due to her desire to assist her son in this case. She is financially able to maintain her own home and from her demeanor on the witness stand is extremely loquacious and of a highly excitable nature. Mrs. Allderige is sincere in her desire to live alone with her husband; due to past occurrences during their married life living with his mother would be obnoxious and jeopardize her health, comfort and peace of mind."

As to the inability of the mother to live alone, the defendant's claim to a finding that her physician so advised rests solely upon her uncorroborated testimony which the trial court might and apparently did dis-

believe. Regarding the finding as to her motive in so claiming, also as to her personal characteristics, it is the province of the trial court, having the advantage of observation of witnesses, to draw inferences therefrom as to such matters. "Findings based upon these observations in the courtroom are in the same category as findings based upon a view of premises or property." *Dadio* v. *Dadio,* 123 Conn. 88, 93, 192 Atl. 557. The finding as to her financial ability to maintain a separate home rests upon her admissions that she possesses about $500 in bank and receives about $30 per month from another son. While there is room for difference of opinion as to the adequacy of these resources to suitable independent maintenance, we cannot eliminate the finding as without evidential support. The substance of the wife's testimony as to her objection to living with her mother-in-law was that the latter had never treated her right since her marriage, that she had been "very much slighted," and that the reason for her belief that she could not get along with her if living in the same apartment was that "there is too much favoritism there."

What circumstances will justify a wife in leaving her husband or in declining to live with him and entitle her to separate support elsewhere or, on the other hand, will justify the husband in refraining from supporting his wife, is a question for determination in each case upon its own circumstances. *State* v. *Newman,* 91 Conn. 6, 9, 98 Atl. 346, 3 A. L. R. 103 and notes p. 107, and 8 A. L. R. 1314; *Commonwealth* v. *Ham,* 156 Mass. 485, 486, 31 N. E. 639. Courts have not found it practicable to formulate any rule of general application to the question of justification of a wife in living apart from her husband, either as bearing upon divorce or separation or her right to separate support, arising from the presence and conduct of the

husband's relatives in the marital home. However, the general effect of the decisions is that the duty of the husband to provide a home extends not only to such material comforts as are in accordance with his means but also to freedom from abuse, ill-treatment, and unwarranted interference from other members of the household. *Garrison* v. *Garrison,* 31 Ky. L. Rep. 1209, 1212; *Shinn* v. *Shinn,* 51 N. J. Eq. 78, 24 Atl. 1022; *State* v. *Bagwell,* 125 S. C. 401, 405, 118 S. E. 767; *Brandt* v. *Brandt,* 259 N. Y. Sup. 100, 102; *Brewer* v. *Brewer,* 79 Neb. 726, 113 N. W. 161; *Ayares* v. *Ayares,* 163 Md. 388, 163 Atl. 707, 710; 9 R. C. L. 366; Anno. Cas. 1914B, 633; 38 A. L. R. 338, note. A wife is entitled to be mistress of her home and if a dependent relative of the husband, living therein so interferes with her control and management as to destroy the harmony of the home or by conduct or language creates conditions actually offensive and distressing, she would be justified in leaving and requiring support by him elsewhere. *Field* v. *Field,* 139 N. Y. Sup. 673; *Brandt* v. *Brandt,* 259 N. Y. Sup. 100, 102. However, she may not do so without reasonable cause. *Jones* v. *Jones,* 55 Mo. App. 523, 527. Both parties to a marriage should realize that living conditions can seldom be continuously perfect and that each is called upon to tolerate such inconveniences and annoyances and make such sacrifices for the common welfare as necessity imposes or circumstances reasonably require. *McLees* v. *McLees,* 160 Md. 115, 152 Atl. 901, 903.

The finding as to the effect upon the defendant's wife of living in the household with his mother is predicated upon "past occurrences in her married life," but it does not appear that she has ever experienced living in the same home with her and the "occurrences" referred to seem to consist of her assertions that she has been "slighted" by the mother and that

the latter has shown favoritism toward her son. This evidence, with the finding as to the personal characteristics of the mother, might support a finding to the effect that living together would and might impair the happiness and peace of mind of the wife, but it is not sufficient to establish that it would be obnoxious or jeopardize her health. In all of the cases which we have examined, except *Powell* v. *Powell,* 29 Vt. 148, 150, which goes farther than any other and than we are disposed to go, consequences and effects found necessary to justify separate support have been actually developed by and referable to past experience in attempts to dwell in the same home with the offending relative. See the illustrative cases cited, supra, and in notes, 38 A. L. R. 338 and 47 A. L. R. 687. As we observed in *State* v. *Newman,* supra, 10, the weight of evidence necessary to sustain this, a criminal prosecution in the name of the State, is greater than in an action brought directly in the name of and for the benefit of the wife. We are unable to find in the record sufficient warrant for a finding of such present justification for the wife's refusal to accept support in the home of the husband as to afford that necessary element of the judgment rendered.

There is error and a new trial is ordered.

In this opinion the other judges concurred.