STATE OF CONNECTICUT *v.* JAMES JORDAN

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued April 12—decided May 24, 1955

*Ernest H. Halstedt,* assistant attorney general, with whom were *Richard E. Rapuano* and, on the brief, *John J. Bracken,* attorney general, for the plaintiff.

*Abraham Zweigbaum,* for the defendant.

WYNNE, J. In this reservation the parties have stipulated in substance as follows: The action was instituted by the state on a verified petition of the commissioner of welfare for an order requiring the defendant to make payment to the state for the support of his wife, Violetta. It was brought under the provisions of § 1112c of the 1953 Cumulative Supplement to the General Statutes. Liability is denied by the defendant on the ground that he owes no legal

duty of support to his wife, who is a recipient of public assistance under the state's program of aid to the disabled. The state claims that the defendant's liability depends only on his ability to contribute. The defendant married Violetta Jordan in 1921 and cohabited with her for over twenty-five years. Their separation occurred February 16, 1947. It was caused by Violetta, who, without legal justification on her part and without fault on the part of the defendant, ordered him to leave their home. Prior to the separation, the defendant and his wife were living together in New Haven. The wife's daughter was living in the household. She caused disharmony and discord between the defendant and his wife, subjected the defendant to verbal and physical abuse and interfered with the management of the household. The defendant's wife preferred to have her daughter continue to reside with her and ordered the defendant to leave. The next day the defendant quitclaimed the property where they were living to his wife and thereafter paid debts contracted by himself and his wife amounting to about $400. On or about September, 1951, the defendant was arrested for nonsupport of his wife under the provisions of § 8586 of the General Statutes, and in the Court of Common Pleas at New Haven was found not guilty on October 17, 1951.

The statute with which we are concerned, § 1112c, became effective May 27, 1953. The language which is pertinent to the question propounded is as follows: "When any person who is a recipient of public assistance from the state has a husband, wife, father, mother, child, grandparent or grandchild who is able to provide all or part of such person's support but neglects or refuses to do so, the court of common pleas may make and enforce such orders . . . ." It

will be noted that the statute expressly includes the words "neglects or refuses to do so." We are to ascertain the intention of the legislature from the words which it used in the statute, in view of the circumstances attendant upon its passage and the history and progress of kindred legislation. *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 657, 103 A.2d 535. The record shows that the plaintiff's petition alleged that the defendant "neglected or refused to pay." This allegation was denied in the defendant's answer. The stipulation that was thereupon entered into stated that this issue was the sole one to be determined by the lower court.

The question upon which the advice of this court is desired is as follows: "Does abandonment of a husband by a wife, or any other marital misconduct by said wife, or where a husband has been deprived of the comforts of his home created and caused by the unwarranted interference of a third party residing with the husband and wife or any other facts such as would be a valid defense to her equitable action for separate maintenance or a criminal action of non-support constitute a valid defense to the state's claim of indemnification from said husband for support of said wife, under the provisions of Section 1112c of the 1953 Supplement to the General Statutes?"

It is the settled law in this state that in a criminal prosecution for nonsupport a husband is entitled to show that his wife's conduct has forfeited any claim by her for support by him. *State* v. *Newman*, 91 Conn. 6, 9, 98 A. 346. In the case of *State* v. *Allderige*, 124 Conn. 377, 382, 200 A. 341, it was held that there was not in the record sufficient warrant for a finding of such present justification for the wife's refusal to accept support in the home of the

husband as to sustain a criminal prosecution against him for failure to support her elsewhere. The case makes clear that the mere failure of a husband to provide support is not the test of his liability. Rather the question is whether his neglect and refusal are without legal justification. It is illogical to conclude in the light of our law that the legislature, in providing that the state could look to the husband of a person receiving state assistance, intended to make the husband liable to the state for the care of his wife under any and all circumstances upon a mere finding that he is financially able to furnish support. There is a presumption that the legislature, in enacting a law, did it in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law. *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 657, 103 A.2d 535; *Coombs* v. *Darling,* 116 Conn. 643, 646, 166 A. 70.

A wife, if she is living apart from her husband without justification, cannot recover from him under General Statutes, § 7308, which gives a wife a right of indemnity from the property of her husband for any expenditures of her own money which she has made for her necessary support. *Cantiello* v. *Cantiello,* 136 Conn. 685, 689, 74 A.2d 199. There can be no doubt that the legislature, in passing the act now under scrutiny, had in mind the legislative and judicial history of the obligation of a husband to support his wife. It is therefore clear that the intent of the legislature is that the words "neglects or refuses" in the statute connote a failure or refusal to fulfil a legal obligation. It follows that when a husband has no legal obligation to support his wife it is not the intent of the statute that he should be liable to the state for her support.

Because of the form in which the question reserved is framed, we cannot answer it categorically.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.