The plaintiff and his wife, Barbara Leggett, separated in December, 1973. In March of 1975 the plaintiff's wife gave birth to the illegitimate child of another man. She applied to the welfare department for assistance under the aid to families with dependent children (AFDC) program. Pursuant to General Statutes § 17-2a a hearing was held. The hearing officer awarded her $222.80 monthly, half for herself and half for her child. The welfare department decided that the plaintiff husband was obligated to contribute $111.40 per month for the support of his wife.
The sole question to be decided in this memorandum is whether a husband is legally liable to contribute toward the support of his wife when she is receiving funds under the aid to families with dependent children program and the child in question is the illegitimate child of another man.
The plaintiff makes the argument that his wife is not a recipient of state assistance. He claims that *Page 282 
the full amount of $222.80 per month payable to his wife is for the support of the illegitimate child only. The court does not agree. According to the case of Peterson v. Norton, 395 F. Sup. 1351, 1353
(D. Conn.), "under 42 U.S.C. § 406 (b) a needy mother of a child on AFDC is awarded benefits pursuant to a determination of her overall needs, not simply as those needs relate to the child's." The court is of the opinion that a needy caretaker, such as the plaintiff's wife during the period in question, is eligible for AFDC assistance if the caretaker has a needy and dependent child. The needs of the caretaker are separate and independent of the child's needs. Thus the full award of monthly AFDC assistance to a mother and her child is not in fact support for the child.
Section 17-82e of the General Statutes makes the husband a relative liable for the support of his wife and children receiving AFDC assistance. Sections52-442, 52-442a, 52-442b and 52-442c of the General Statutes make the putative father liable for the support of his child. Section 53-304 of the General Statutes makes the husband liable for the support of his wife and children. If under § 53-304
a husband or a father of an out-of-wedlock child is without legal justification for neglecting or refusing to furnish reasonable support for a wife and/or child as the case may be, § 53-304 designates such husband and such father as the primary source of support.
The legislative policy of support reflected in the foregoing statutes focuses on the legal relationship existing between the person liable for support and the person to be supported, and does not focus on the question of why a person receives state welfare assistance. As long as such a legal relationship exists, it falls within one or more of the aforesaid *Page 283 
statutes and the commissioner of welfare is without authority to alter the responsibility or liability of the person liable for support.
Thus, in accordance with the statutes set forth, the putative father, because of his legal relationship, must support his child, and the husband, because of his legal relationship, must support his wife. It is immaterial that the child became eligible to receive AFDC assistance by reason of his father's failure to support him and that the needs of the child include the care and attention of the caretaker mother. As the wife does not receive assistance for herself because of the child's needs, but receives assistance only because of her husband's failure to support her, the wife is a needy person because of her husband's lack of support. If the wife's husband did, in fact, support her, she would not be needy and would not be eligible to receive assistance for herself.
Since the plaintiff failed to support his wife during the period in question, her needs, aside from the child's needs, had to be met by welfare assistance. As a result, the wife's needs were actually budgeted in the sum of $111.40 per month, while the child's needs were budgeted in the sum of $111.40 per month, making the total budget $222.80 per month. The father of the wife's child is responsible for his child receiving welfare assistance and must support his child. The plaintiff is responsible for his wife receiving welfare assistance and must support his wife.
 Accordingly, on the limited question of whether the plaintiff is legally liable to contribute toward the support of his wife when she is receiving funds under the aid to families with dependent children program and the child in question is the illegitimate child of another man, the court holds that the plaintiff is so liable.