The plaintiff, Willie Edge, appeals from a decision made pursuant to a hearing by the state welfare department requiring him to reimburse the state for support given to his wife. The plaintiff claims to be aggrieved because the decision failed to find that the plaintiff's wife left him without just cause. It is the plaintiff's position that a husband need not support his wife if the marital separation is without justification by the wife and without fault of the husband. It is the position of the defendant that the court has no jurisdiction to determine fault of the parties and that the marital relationship per se establishes the liability of the husband to reimburse the state.
The issue to be decided, therefore, is whether an otherwise legally liable relative, such as a husband, is required under § 17-82e of the General Statutes to reimburse the state for support payments made to his wife where the wife has left the husband without any fault on his part and where she has obviously engaged in adultery leading to the birth of another man's child. The state's position is that reimbursement from the husband is dependent solely *Page 285 
upon a showing that the relationship exists, that the wife is in need, that the state has contributed to the support of the wife and that the husband can afford the contribution to be exacted.
The plaintiff makes no claim that the amount of state support given to the wife by way of AFDC assistance is exclusively for an illegitimate child born prior to his marriage, nor does he deny that the amount of support which the state claims to have given his wife was in fact given. Thus, the case of Peterson v. Norton, 395 F. Sup. 1351
(D. Conn.), which upheld the constitutionality of the Connecticut welfare department's regulation requiring the father of an illegitimate child to pay the caretaker expenses of the child's mother, is not applicable. The defendant's brief relies heavily on that decision. The brief is an almost verbatim copy of a brief filed in another case, Leggett v. Popolizio,34 Conn. Sup. 281. The issue in that case was apparently whether the wife of the plaintiff was the recipient of state aid, and whether the entire state payment was used for the support of an illegitimate child. Although the memorandum of decision does state that § 17-82e focuses on the legal relationship of the parties rather than on the "why" of state welfare assistance, it is nowhere indicated in the decision that the fault of the wife for the separation of the parties was interposed as a defense to the husband's obligation to reimburse the state for support tendered to his wife.
It is clear that the cause of the marital separation must be considered in cases involving suits for separate maintenance brought by one spouse against another, and that a separation without justification is a defense to such actions. Cantiello v. Cantiello,136 Conn. 685; Rucci v. Rucci, 23 Conn. Sup. 221.
Section 17-82e of the General Statutes gives no exculpatory defenses to a legally liable spouse based *Page 286 
on disruption of the relationship, nor does General Statutes § 53-304 or § 17-320. Section 17-326 of the General Statutes specifically exonerates a child of a parent who wilfully deserted the child for a ten-year period prior to the child's majority from the necessity of supporting that parent.
It could be argued that had the legislature intended an exception to liability for support as between husbands and wives, it could have granted a statutory exception. Such an exception, however, has already been established by case law. State v.Jordan, 142 Conn. 375; State v. Kelly, 100 Conn. 727. Both cases discuss fault without the context of a divorce action and both courts acknowledge jurisdiction. In the former case, the court decided that the legislature did not intend that under all circumstances a husband must provide support for his wife merely because he is financially able to do so. Although the rights, duties and obligations of both spouses have altered considerably since the decisions in both cases, and although fault need not be established in dissolution of marriage actions, fault can still be an element to be raised in dissolution actions for purposes of establishing the support obligation of either spouse to the other.
The duty of a child to support a parent under sixty-five years of age is a statutory one, ungrounded in the common law. An exception to that duty was a legislative necessity if the legislature intended an exception. The duty of one spouse to support the other spouse is well grounded in the common law and in case law in this state. An exception was not a legislative necessity. NeitherJordan nor Kelly is diluted by the fact that under existing law either spouse, husband or wife, may have a duty to support the other, or by the fact that under existing law or cases either may be excused from such support obligation because of fault. The *Page 287 
defense of State v. Jordan, supra, is still operative, whether that defense be exerted by the husband or by the wife.
It should be noted that both cases arise under the precursor of General Statutes § 53-304 which grants no exception to the support obligation, and yet Jordan establishes fault as an exception.
This court holds that fault, when established, is also an exception within the parameters of General Statutes § 17-82e. The plaintiff's wife was not, as the defendant urges, deprived of "her day in Court" since the question of alimony as it relates to fault could have been argued in connection with the action for the dissolution of the marriage of the parties.
The uncontroverted evidence at the fair hearing was that the plaintiff's wife had left him without cause, and that she had given birth to another man's child. Under the facts of this appeal, the plaintiff is not legally liable for the support of his wife.
 The appeal is, therefore, sustained.