Rose Martin Pratt, Appellee, v. John Pratt, Jr., Appellant.

Gen. No. 20,917. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 27, 1916.

## Statement of the Case.

Bill for separate maintenance by Rose Martin Pratt, complainant, against John Pratt, Jr., defendant, in the Superior Court of Cook county. From a decree granting the relief sought, defendant appeals.

The parties to this suit were married on the 26th day of October, 1912, and lived together until the 23rd day of February, 1913.

The amended bill upon which the decree is based was filed October 2, 1913, and alleged that complainant at all times, while living with her husband, faithfully discharged her duties as wife and treated defendant with kindness and consideration; that defendant at no time provided for complainant a proper home, but soon suggested that they live apart, and provided a room in the home of defendant's parents; that while living there, defendant treated her with disrespect and without the consideration due a wife, and at all times completely ignored her, refusing to speak to her; that defendant's acts while complainant was living with him as his wife were unendurable and a menace to her health, compelling her to leave him on the 23rd of February, 1913, and that up to the filing of this bill she has lived separate and apart from him; that when she informed defendant she intended to leave him he stated that he was satisfied she should go at once; that thereafter she endeavored to work, but owing to poor health could not continue; that she repeatedly went to the

home of defendant and requested him to permit her to return and live with him and to provide her with a home, but defendant refused. Then followed allegations that complainant was physically unable to continue work, that she was without funds or means of support.

Defendant in his answer categorically denied all the charges. On a final hearing a decree was entered finding that complainant was entitled to the relief sought, with thirty dollars per month alimony and fifty dollars solicitor's fees.

CHARLES S WHARTON, for appellant.

ERWIN McDOWELL, for appellee.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 217*—*what proof necessary to maintain bill for separate maintenance.* In order to maintain a bill for separate maintenance, it is necessary to show that complainant was living separate and apart from her husband at the time the bill was filed, without fault on her part.

2. HUSBAND AND WIFE—*what rules of evidence inapplicable to proceeding under Separate Maintenance Act.* The rules as to the evidence necessary in order to obtain a divorce do not apply to a proceeding under the Separate Maintenance Act (J. & A. ¶ 6159 *et seq.*).

3. HUSBAND AND WIFE, § 268*—*when wife not required to live with husband.* While a wife is not permitted to leave her husband because of incompatibility or trivial difficulties, she is not required to live with him if guilty of conduct endangering her health or making married life miserable or unendurable.

4. HUSBAND AND WIFE, § 216*—*how word "fault" in Separate Maintenance Act construed.* The word "fault" as used in section 1 of the Separate Maintenance Act (J. & A. ¶ 6159) means a voluntary consenting to the separation of the husband and wife, or such failure of duty or misconduct on the part of the wife as "materially contributes to the disruption of the marital relation."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. HUSBAND AND WIFE, § 217*—*when wife living separate and apart from husband without fault on her part.* Even though a wife leaves her husband without being warranted in doing so, yet if afterwards she requests to be permitted to return and live with him, and he refuses, the wife is thereafter considered as living separate and apart without fault on her part, within the meaning of section 1 of the Separate Maintenance Act (J. & A. ¶ 6159).

6. HUSBAND AND WIFE, § 264*—*when evidence sufficient to sustain finding that conduct of husband calculated to force wife to leave.* In a bill for separate maintenance, where the evidence was conflicting, but where there was evidence that the home provided by defendant was inadequate and the environment disturbing and unpleasant to complainant, evidence *held* to warrant an inference that the conduct of defendant was calculated to force complainant to leave him, it also appearing that after leaving defendant complainant frequently requested defendant to permit her to return to his home, but defendant refused.

7. EVIDENCE, § 476*—*when weight not determined by number of witnesses.* The number of witnesses testifying on each side of the case is not alone determinative of the question of the preponderance of the evidence.

8. APPEAL AND ERROR, § 1395*—*when finding in chancery case not reversed on appeal.* The rule applicable to trials by jury, that reversals on the ground that the verdict is against the weight of the evidence are only authorized where the error is clear and palpable, applies equally to findings in cases in chancery where the evidence is conflicting and the witnesses have been examined orally in court.

9. APPEAL AND ERROR, § 1395*—*when finding in chancery case not reversed on appeal.* The rule that a finding in a chancery case, where the evidence is conflicting and the witnesses are examined orally in court, will not be reversed unless clearly and palpably against the weight of the evidence is just, where the evidence believed warrants the decree, since the chancellor has opportunity of observing the witnesses while testifying, and thus has facilities of great importance in determining the weight and credibility of the evidence which are not possessed by a reviewing court.

10. APPEAL AND ERROR, § 1387*—*how court of review may determine whether finding against weight of evidence.* A court of review in determining whether a finding is clearly and manifestly against the weight of the evidence can only follow the words of the witnesses as transcribed in the record, knowing that some of the evidence is always lost in transcription.

11. HUSBAND AND WIFE, § 264*—*when evidence sufficient to sus-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*tain finding that wife living apart from husband without fault of her own.* In a bill for separate maintenance, where the evidence was conflicting, a decree finding that complainant at the time the bill was filed was living separate and apart without fault of her own, *held* not clearly and manifestly against the weight of the evidence.