## Bessie M. Haley, Appellant, v. Richard F. Haley, Appellee.

### Gen. No. 23,423.

HUSBAND AND WIFE, § 218*—*when wife is not living apart from her husband through her fault.* Even though the conduct of a husband towards his wife is insufficient to warrant her leaving him, yet, if, within a few weeks after the separation, she makes repeated offers to the husband to return and resume marital relations and they are refused, she is not living apart from her husband through her fault so as not to be entitled to separate maintenance under Hurd's Rev. St. ch. 68, sec. 22 (J. & A. ¶ 6159).

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed December 17, 1917.

SCHUYLER & WEINFELD, for appellant.

DAY & GUENTHER, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this appeal complainant seeks to have reversed a decree dismissing for want of equity her bill for separate maintenance, after hearing by the court on bill and answer.

The evidence tends to show that the parties were married on April 21, 1915, and in October of the same year complainant left her husband and returned to her mother. During this time their married life was unhappy, although it is difficult to determine with certainty as to which one of the two was more in fault. According to her testimony the husband was guilty of a course of conduct indicating not only coldness and indifference towards his wife, but aversion. This was indicated in a number of small details which it is un-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

necessary to narrate. He denied in almost every par-
ticular the version given by the wife of their relations
with each other. Before the marriage defendant lived
in an apartment which was cared for by a housekeeper,
who remained in the apartment after the marriage.
We are of the opinion that it is sufficiently clear that
an antagonism arose between this housekeeper and the
complainant, who properly asserted her position as
dominant over the housekeeping arrangements, which
seems to have been disputed by the housekeeper.
Whether or not the complainant was justified in every-
thing she did or said with reference to the presence
of the housekeeper is not important. The important
fact, however, is that her husband seemed to side with
the housekeeper and adopt an attitude of opposition
to his wife. The situation became intolerable to her
and, prompted by the suggestions of a neighbor, she
returned to her mother. She took with her only a few
clothes. The entire circumstances of this leaving indi-
cate that she did not intend the separation should be
permanent, but took this step in the hope that a tem-
porary separation would cause a change in her hus-
band's antagonistic attitude towards her.

The trial court was evidently of the opinion that the
complainant was not justified in leaving, hence was not
within the class entitled to relief under the separate
maintenance statute, namely, "married women, who,
without their fault," live apart from their husbands.
Hurd's Rev. St. ch. 68, sec. 22 (J. & A. ¶ 6159). We
are of the opinion that the court was in error in dis-
regarding what we hold to be the controlling circum-
stances shown by the evidence. It is clearly shown
that within a few weeks after this separation the wife
made repeated offers to return to her husband and
resume marital relations, which were refused by him.
This offer to return was made through telephone mes-
sages, by a telegram, by letters, and also by a return
in person of the complainant to their apartment, where

an interview was had with the husband. At this interview both by her actions and what was said, the complainant indicated her wish to return. On the other hand, defendant's attitude clearly showed a disposition opposed to the resumption of their marital relations.

It is the law in this State that under such circumstances it is the duty of the husband to receive the wife and properly provide for her, and that should he refuse to perform this duty it cannot then be said that she is living apart from her husband through her fault. The language of the Supreme Court in *Thomas v. Thomas,* 152 Ill. 577, 579, is directly applicable: "Even though the original separation was without any fault of the husband, still if she afterwards, in good faith, offered to return and live with him, it was his duty to receive her back and there properly provide for her." This rule was applied by a branch of the Appellate Court to facts exactly like those now before us, in *Pratt v. Pratt,* 197 Ill. App. 530. Applying this rule to the facts of this case it follows that the complainant was living apart from her husband without her fault and, under the statute, was entitled to a decree of separate maintenance.

The decree of the Superior Court is reversed and the cause is remanded with directions to fix the amount to be allowed for maintenance, and for further proceedings consistent with what we have herein said.

*Reversed and remanded with directions.*