ZICHTERMAN *v.* ZICHTERMAN.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—NONSUPPORT—RECORD.

In wife's suit for separate maintenance, record justified trial court's finding husband not guilty of nonsupport (3 Comp. Laws 1929, § 12794).

2. SAME—SEPARATE MAINTENANCE—EXTREME CRUELTY—RECORD.

Trial judge's determination that plaintiff wife was as much at fault as defendant in bringing about and in perpetuating the domestic troubles of the parties and that plaintiff was not entitled to decree of separate maintenance because of extreme and repeated cruelty *held,* correct under record presented.

Appeal from Kent; Brown (William B.), J. Submitted January 7, 1944. (Docket No. 64, Calendar No. 42,589.) Decided February 24, 1944.

Bill by Nellie Zichterman against Charles Zichterman for separate maintenance. Cross bill by defendant against plaintiff for divorce on ground of cruelty. Bill and cross bill dismissed. Plaintiff appeals. Affirmed.

*Irving H. Smith,* for plaintiff.

*Roman F. Glocheski,* for defendant.

NORTH, C. J. By her bill of complaint plaintiff sought a decree for separate maintenance under 3 Comp. Laws 1929, § 12794 (Stat. Ann. § 25.211).

The defendant answered and by cross bill sought a decree of divorce. Testimony was taken in open court and a decree entered dismissing plaintiff's bill of complaint and denying defendant the relief sought in his cross bill. The plaintiff only has appealed.

The controlling question presented is whether the decision of the trial court in denying plaintiff the relief sought was against the weight of the evidence. The parties were married in October, 1931, and separated in April, 1940. They have three children. It is appellant's claim that throughout the later years of their married life defendant was guilty of acts of extreme and repeated cruelty and of failure to support his family, and that in consequence thereof she should have been granted a decree of separate maintenance.

The circuit judge found that defendant "has not been guilty of nonsupport," and our review of the record satisfies us that this determination was correct. This leaves only the question of whether plaintiff is entitled to relief on the basis of her charge that defendant was guilty of acts of extreme and repeated cruelty under such circumstances as would entitle her to a decree of divorce on that ground, if such relief were sought. We shall not attempt to review in detail the testimony which discloses a turbulent condition in the home of these parties during the time they lived together; but our review of the record satisfies us of the correctness of the conclusion of the trial judge that plaintiff's attitude toward her husband had very much to do with producing the unhappy condition. His occupation as the operator of commercial trucks necessitated working at irregular hours and frequently took him away from his home for days and nights at a time; and the record shows that upon his return on the merest

pretext he was charged with being unfaithful to his wife and of constantly deceiving her as to the occasion of his being absent from his home. Plaintiff was persistent in her efforts to find some circumstance on which she could base such charges. This course of conduct led to frequent quarrels between the parties, and plaintiff claims that on five or six occasions it led to physical assault upon her by defendant. As to such claimed assaults the circuit judge found that plaintiff did not establish her contention except on one occasion when in the course of an altercation defendant slapped plaintiff; and as to defendant's claimed unfaithfulness towards plaintiff the circuit judge found "there is no testimony which supports a claim that the circumstances referred to were immoral transactions." Evidently in coming to this conclusion the circuit judge accepted as true defendant's explanation that on the two or three occasions when defendant was seen in the company of other women, the circumstances were not such as to justify the conclusion that there was anything improper about the incidents. Plaintiff testified defendant called her vile and indecent names, and defendant testified to like conduct on the part of plaintiff. At the time of the final separation plaintiff in defendant's absence had collected his personal belongings for the evident purpose of insisting that he should leave the home, although when defendant undertook to do so by placing his belongings in his automobile plaintiff retracted. The purport of the trial judge's finding is that plaintiff was as much at fault as defendant in bringing about and in perpetuating their domestic troubles; and the record is such that the trial judge's determination in that respect must be held to be correct. Under the circumstances the disposition made of this case in the circuit court should not be disturbed.

The decree entered in the circuit court is affirmed, without costs to either party.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.