RAYMOND H. MORRIS, JR., ET AL. *v.* RAYMOND H. MORRIS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 17—decided June 14, 1945.

*Joseph F. Berry,* with whom, on the brief, was *Cyril Coleman,* for the appellant (defendant).

*Albert S. Bill,* for the appellees (plaintiffs).

JENNINGS, J.   This is an action for support, brought by a wife and a minor son of the marriage against the defendant husband.  The trial court adjudged that the defendant pay the wife $300 a month and child $200 a month and the defendant has appealed.  He is living apart from the plaintiff.  The finding is not attacked.  It includes, by reference, a memorandum of decision filed in a divorce action between the plaintiff wife and the defendant husband.  This unusual procedure resulted from the request of counsel in the case at bar that the trial court examine the testimony of the parties as given in the divorce case, consider the memorandum of the trial judge in that case and, in effect, incorporate the result in its conclusions in the

case at bar. The relationship between a finding and a memorandum of decision is fully discussed in Connecticut Appellate Procedure, § 90. For reasons which there more fully appear, the practice of making the memorandum a part of the finding is emphatically discountenanced. These reasons are even more forceful when, as here, the memorandum was filed in another proceeding by a different trial judge and is not even printed in the record. The record would have been much clearer if the trial court in the case at bar had included in its finding such statements of fact in the memorandum as it chose to adopt. Be that as it may, the finding and memorandum must be read together and if there is conflict in the statements of fact as distinguished from conclusions, the finding controls. Ibid.

Pursuing that course as best we can, the finding may be summarized as follows: Anna M. Fallon Morris, hereinafter called the plaintiff, and the defendant intermarried on June 1, 1936. She was single; he was divorced. Both were Roman Catholics and, because of the opposition of her family to the marriage, both agreed that, if they married, she would cease her association with her family and would permit no visits by them to the home of the plaintiff and defendant. The plaintiff did not live up to this agréement. The parties did, however, continue to live together, except as hereinafter noted, until October 12, 1942, at which time the plaintiff was justifiably in fear of physical injury by the defendant. Quarrels between them were frequent, violent and acrimonious. They were usually caused by the attitude of the defendant toward the plaintiff's family and the clash of ill-matched personalities. The defendant struck the plaintiff on various occasions and gave her some reason to believe that he

was unfaithful to her. As a result of these conditions the plaintiff's health was seriously impaired.

The plaintiff threatened to leave the defendant and did leave him twice before the final separation. The second time, in October, 1938, she brought suit for divorce but the parties were reconciled and the suit was withdrawn. In June, 1941, a child, the named plaintiff, was adopted in the hope that he might bring harmony and happiness to the home. This hope was not realized; conditions remained substantially the same and after another and final separation the plaintiff again brought suit for divorce on the ground of intolerable cruelty, returnable in November, 1942. The defendant filed a cross-complaint on the same ground. Judgment was rendered for the defendant on December 28, 1943, on the complaint and for the plaintiff on the cross-complaint, in accordance with the memorandum to which reference has been made. Less than a month thereafter this suit was brought.

The plaintiffs have substantially no income or property except for a payment of $100 per month for the support of the child, ordered during the pendency of the last divorce suit and continued since that time by the defendant. The latter had a home worth $50,000 in North Canton and in 1942 had a taxable income of $92,000.

The trial court concluded that the conduct of the defendant justified the plaintiff in leaving him because of fear of physical injury even though that conduct did not entitle her to a divorce on the ground of intolerable cruelty; that she was entitled to maintenance although living apart from him; and that an allowance of $300 monthly for her and $200 monthly for the child was reasonable and proper under the circumstances for their support and maintenance.

192

The defendant necessarily concedes that an action will lie for support as equitable relief when the wife has not forfeited her right thereto by her own conduct. *Hein* v. *Hein,* 127 Conn. 503, 506, 18 Atl. (2d) 374, and cases cited; *DeRosa* v. *DeRosa,* 129 Conn. 409, 412, 28 Atl. (2d) 846. He also concedes that no general rule can be formulated which will define the circumstances which will justify a wife in leaving her husband and declining to live with him but that each case must be decided on the facts appearing therein. *State* v. *Allderige,* 124 Conn. 377, 380, 200 Atl. 341. The character, persistence and effect of the defendant's conduct fully support the conclusion of the trial court that the plaintiff was justified in leaving him. Unfortunately it is usually true of such domestic relations as reach the courts that the fault does not lie on one side alone and this case is no exception. In spite of this, there is nothing in the facts found, especially if the statements of fact in the memorandum are segregated from its conclusions, which requires a finding that, as the defendant claims, the plaintiff had by her own conduct forfeited her right to support. *Babbitt* v. *Babbitt,* 69 Ill. 277, relied on by the defendant, is not in point.

The defendant also claims that the judgment in the divorce case is res judicata of the issue in the case at bar. No case is cited nor has one been found supporting this proposition. The issue in the divorce case was whether the conduct of the parties was such that the public and personal objects of matrimony had been destroyed. *McEvoy* v. *McEvoy,* 99 Conn. 427, 432, 122 Atl. 100. The court which tried the divorce case found that their conduct did not come within that definition. The issue in the case at bar was whether the conduct of the defendant justified the plaintiff in leaving him under all the circumstances, including

therein her own conduct. A wife may be justified in leaving her husband even though his conduct does not amount to intolerable cruelty under the statute; *Campbell* v. *Campbell,* 110 Conn. 277, 279, 147 Atl. 800; and she may be entitled to support even though she refuses to return to him. *DeRosa* v. *DeRosa,* supra. The mere statement of the issues shows that they are not the same. The judgment in the divorce case was therefore not decisive of the issues in the case at bar. *Campbell* v. *Campbell,* supra.

Finally the defendant claims that public policy forbids a recovery in this action. His position apparently is that if a defendant files a cross-complaint to an action for divorce and judgment is rendered for him on the complaint and for the plaintiff on the cross-complaint, all the plaintiff has to do is to then bring suit for support. He argues from this that a defendant is better off if he fails to contest the action and that the situation will "result in collusive divorces. The discussion of the distinction between the issues in these actions disposes of this contention of the defendant. The primary duty of supporting his family rests on the husband; *Bohun* v. *Kinasz,* 124 Conn. 543, 546, 200 Atl. 1015; and as long as the wife can prove that she has not forfeited her right to support, she is entitled to it. *DeRosa* v. *DeRosa,* supra.

The defendant does not deny that he should support his child but claims that no facts are found justifying an allowance of $200 per month for a three-year-old child. The allowance was generous but, like alimony, was "within the sound discretion of the trial court, which will not be interfered with unless it clearly appears that it has been abused." *Heard* v. *Heard,* 116 Conn. 632, 635, 166 Atl. 67. We cannot hold that the trial court, taking into consideration as it did the financial circumstances and standard of living of the

parties, abused its discretion in ordering payments in the amounts stated.

There is no error.

In this opinion the other judges concurred.