ADRIENNE E. MARTIN *v.* EDWARD E. MARTIN

MALTBIE, C. J., BROWN, JENNINGS and DICKENSON, Js.[1]

Argued January 7—decided February 17, 1948

[1] By agreement of counsel the case was argued before and decided by four judges.

*Curtiss K. Thompson,* for the appellant (defendant).

*William M. Citron,* for the appellee (plaintiff).

DICKENSON, J. This is an action for support brought by a wife against her husband. The defendant has appealed from a judgment for the plaintiff on the ground that she had forfeited the right to support by her conduct. The assignments of error relate to the trial court's finding of facts and its conclusions from the facts found.

With such corrections of the finding as we find the defendant entitled to, the main facts may be summarized as follows: The parties were married April 13, 1946. At the time of the trial, begun in January and postponed to February, 1947, the plaintiff was forty-two years old and the defendant was fifty-one. He had been divorced from a previous wife. The plaintiff had lived with her mother in Maine, in a house owned by the latter, and before the marriage it was agreed that she would sell the house and live with the parties in Middletown. It was sold and the proceeds went towards the purchase of a house in Middletown, half of the cost of which was contributed by the plaintiff's mother and half by the defendant, and title to which was placed in the name of the plaintiff. The three moved into the house on June 1, 1946. During the first three months of their married life, the relationship between the plaintiff and defendant was reasonably harmonious. On July 22, 1946, a serious quarrel occurred, and thereafter there were other disagreements over domestic matters and abortive efforts to adjust difficulties growing out of the presence of the mother in the house

and the interest she had in the property. Finally, on September 28, 1946, after a bitter quarrel, the defendant left the house. After he had gone the plaintiff put a padlock on the back door. Her intention was not to keep her husband out of the house permanently but to make sure he did not get in until his temper had cooled. He returned later in the day, found the back door padlocked, went to the front door and, having no key, rang the bell. He waited but was not admitted. The plaintiff was asleep and did not hear him. He returned later with a police officer, the plaintiff let them in and he gathered up some clothes and left the house. The parties have not lived together since. On October 10, 1946, the parties and their attorneys had a conference at which the defendant was asked to resume living with the plaintiff, and about a month later the plaintiff asked him to return, but he refused to do so. The trial court found, as ultimate facts, that when the defendant left the house on September 28, 1946, it was with the intention to cease living with the plaintiff and that since then she has been willing to resume living with him. It reached the conclusion that he had deserted her without justification and that she had not forfeited her right to support by her conduct.

It is the established law in this state that a wife abandoned by her husband may maintain an action in equity against him for support. *Kaszeta* v. *Kaszeta,* 134 Conn. 329, 332, 57 A. 2d 403; *Artman* v. *Artman,* 111 Conn. 124, 149 A. 246; *Smith* v. *Smith,* 114 Conn. 575, 578, 159 A. 489. While it must appear that the wife has not forfeited her right to support by her own conduct, the issue is not whether "the conduct of the parties was such that the public and personal objects of matrimony had been destroyed." *Morris* v. *Morris,* 132 Conn. 188, 192, 43 A. 2d 463. The few

cases hitherto before us have presented factual situations where the wife has left the husband for claimed justifiable reasons and then sought support. *DeRosa* v. *DeRosa,* 129 Conn. 409, 28 A. 2d 846; *Morris* v. *Morris,* supra. We said in *DeRosa* v. *DeRosa* of such a situation that (p. 412) "The basis of this action is that the husband, bound to support his wife, has so conducted himself that she cannot properly be held to be under a duty to receive that support as an incident of cohabitation with him, and hence is entitled to it while living apart from him." As the action is in equity, the corollary is that the husband, entitled to cohabitation as an incident to the support of his wife (*Boushay* v. *Boushay,* 129 Conn. 347, 349, 27 A. 2d 800), is not required to support her if she, by her conduct, makes cohabitation intolerable or prevents it without justification. See 2 Schouler, Marriage, Divorce, Separation & Domestic Relations (6th Ed.) § 1321; 3 Nelson, Divorce (2d Ed.) § 32.21; *Hoffman* v. *Hoffman,* 316 Ill. 204, 212, 147 N. E. 110. The finding in this case shows that the plaintiff was not in all respects blameless. "While the law does not require a wife to be blameless, misconduct on her part which materially contributes to the separation, so that it may be said that the fault of the wife is equal to or greater than that of the husband, is a defense to her suit for sepparate maintenance." Note, 6 A. L. R. 22; note, 49 L. R. A. (N. S.) 90; *Ivanhoe* v. *Ivanhoe,* 68 Ore. 297, 299, 136 P. 21; *Fallon* v. *Fallon,* 111 N. J. Eq. 512, 162 A. 406; *Zichterman* v. *Zichterman,* 308 Mich. 76, 13 N. W. 2d 213. While certain of these decisions relate to actions brought on maintenance statutes providing that the wife must be "without fault," the equitable principle applies in the absence of statute. *Hoffman* v. *Hoffman,* supra, 212, a case relied upon

by the defendant, brought under such a statute, states a further rule to be "that even though an original separation may be without fault of the husband, if afterwards the wife in good faith offers to return and live with him and shows by her conduct that she is sorry for what has transpired, it is his duty to receive her back and provide for her." See also *Garvy* v. *Garvy*, 310 Ill. App. 169, 33 N. E. 2d 882.

What circumstances will justify the husband in refraining from supporting his wife are "a question for determination in each case upon its own circumstances." *State* v. *Allderige*, 124 Conn. 377, 380, 200 A. 341. It must be borne in mind that the trial court has had the advantage of seeing and hearing the parties. See *Jobbes* v. *State*, 125 Conn. 286, 289, 5 A. 2d 21. The finding that the defendant intended to leave the plaintiff permanently on September 28 finds support in the evidence. Further, the court could reasonably find that the plaintiff's conduct had not been such as to justify him in failing to resume cohabitation at her request, or, in the alternative, to support her. See note, 6 A. L. R. 38 (c).

There is no error.

In this opinion the other judges concurred.