STATE OF CONNECTICUT *v.* HUBERT LUGG ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 11—decided November 6, 1956

*Ernest H. Halstedt,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the plaintiff.

*John W. Joy,* with whom was *Abraham A. M. Schweitzer,* for the named defendant.

O'SULLIVAN, J. This matter comes as a reservation upon the following stipulated facts: The named defendant married Martha S. Bader on April 25, 1923. They separated on December 24, 1937, and have not lived together since. On December 30, 1940, the defendant brought an action for divorce to the Superior Court in Hartford County. He based his right to a decree on the ground of desertion. His wife filed a cross complaint seeking a decree on the same ground. The case remained on the docket for a considerable period of time; it was eventually tried and, on May 26, 1948, the court dismissed both complaints and refused to grant a decree to either party. In doing so, the court found that on December 24, 1937, Mrs. Lugg had gone to visit her daughter and that she fully intended to return home after a few days; that during the night of December 24, her husband carried all her personal belongings to the apartment house where the daughter lived and left them there in the hallway; that when Mrs. Lugg returned to her home, Lugg refused to let her come in; and that since then neither party had sought to resume the marital relation, each being content to live apart from the other. In the hall at the county courthouse, after the trial in the divorce action, Lugg offered to take his wife back home with him, but she refused to go. On July 15, 1954, Lugg was arrested and charged with the nonsupport of his wife under General Statutes § 8586.[1] On the following November 24, he was found not guilty. On June 30, 1954, Mrs. Lugg became a recipient of public assist-

---

[1] "Sec. 8586. NON-SUPPORT. (a) Any person who shall neglect or refuse to furnish reasonably necessary support to his wife . . . shall be deemed guilty of a felony and shall be imprisoned not more than one year, unless he shall show to the court before which the trial is had, that, owing to physical incapacity or other good cause, he is unable to furnish such support. . . ."

ance under state aid. On March 9, 1955, the commissioner of welfare instituted the present action. He seeks an order requiring the defendant Lugg to pay such support as the court shall find to be reasonably commensurate with his financial ability. The parties have submitted for answer four questions.[2]

The plaintiff's authority for instituting this action is found in § 1112c of the 1953 Cumulative Supplement (as amended, Cum. Sup. 1955, § 1445d). The pertinent part of that statute reads: "When any person who is a recipient of public assistance from the state has a husband, wife, father, mother [or] child . . . who is able to provide all or part of such person's support but neglects or refuses to do so, the court of common pleas may make and enforce such orders for payment by any such relative for support of such public assistance recipient as said court shall find to be reasonably commensurate with the financial ability of such relative, considering the number and condition of others dependent upon him." In a recent case we discussed the significance of the statutory words "neglects or refuses to do so." *State* v. *Jordan*, 142 Conn. 375, 114 A.2d 694. We there pointed out (p. 378) that the state, under § 1112c, has no greater right to obtain support from the husband for the wife's benefit than the wife has; that the mere failure on the husband's part to pro-

---

[2] "(a) Is the judgment of the Superior Court in the divorce case res judicata of the issue of Hubert Lugg's obligation of support . . .?

"(b) Is the finding of Not Guilty by the Police Court in the criminal non-support prosecution of Hubert Lugg in 1954 res judicata of the issue of his obligation of support of his wife . . .?

"(c) Is the judgment and/or the memorandum of decision of the Superior Court in the divorce action admissible in evidence in the case at bar?

"(d) Is the finding of Not Guilty of the Police Court in the criminal non-support prosecution of Hubert Lugg in 1954 admissible in evidence in the case at bar?"

vide his wife with support is not controlling on the question of his liability to her, the test being whether his neglect and refusal are without legal justification; that if she is living apart from him without justification she cannot recover under General Statutes, § 7308, which gives her a right of indemnity from the property of her husband for any expenditures she has made from her own resources for her necessary support; and that (p. 377) in a criminal prosecution for nonsupport a husband is entitled to show that his wife, by her conduct, has forfeited any claim for support from him.

No general rule can be formulated to enumerate the circumstances which will justify a wife in declining to live with her husband. *Morris* v. *Morris,* 132 Conn. 188, 192, 43 A.2d 463. Each case must be decided on its own set of facts. *Martin* v. *Martin,* 134 Conn. 354, 358, 57 A.2d 622. For this reason there is little force in the defendant's contention that his wife forfeited all right to support after she refused to return to his home when, at the courthouse, he asked her to return. Her refusal is at most only incidentally involved, because she is entitled to support as long as she is justified in living apart from him. *DeRosa* v. *DeRosa,* 129 Conn. 409, 412, 28 A.2d 846. In other words, her refusal to return to the defendant did not, of itself, amount to a forfeiture of her right to support.

In the light of these observations we turn to the specific questions submitted in this reservation. The answer to question (a) is found in *Morris* v. *Morris,* 132 Conn. 188, 43 A.2d 463. That case was instituted by the wife after she and her husband had each been denied a decree of divorce on the ground of intolerable cruelty. Her object in bringing suit was to obtain an order directing her husband to pay support

to her. The trial court made such an order, and we upheld it, stating in part (p. 192): "The defendant also claims that the judgment in the divorce case is res judicata of the issue in the case at bar. No case is cited nor has one been found supporting this proposition. The issue in the divorce case was whether the conduct of the parties was such that the public and personal objects of matrimony had been destroyed. *McEvoy* v. *McEvoy,* 99 Conn. 427, 432, 122 Atl. 100. The court which tried the divorce case found that their conduct did not come within that definition. The issue in the case at bar was whether the conduct of the defendant justified the plaintiff in leaving him under all the circumstances, including therein her own conduct. A wife may be justified in leaving her husband even though his conduct does not amount to intolerable cruelty under the statute; *Campbell* v. *Campbell,* 110 Conn. 277, 279, 147 Atl. 800; and she may be entitled to support even though she refuses to return to him. *DeRosa* v. *DeRosa* [129 Conn. 409, 412, 28 A.2d 846]. The mere statement of the issues shows that they are not the same. The judgment in the divorce case was therefore not decisive of the issues in the case at bar." It is of no moment that Mrs. Lugg relied on desertion rather than intolerable cruelty in seeking a divorce. The principle stated remains applicable. The answer to question (a) is "No."

We take up question (b). As a general rule, judgments in criminal cases are inadmissible in civil proceedings to prove the acts charged. *Page* v. *Phelps,* 108 Conn. 572, 588, 143 A. 890. This rule is particularly pertinent where a continuing duty rests on an accused, such as, for example, the duty of supporting his wife. It does not follow from the fact that he may have escaped conviction because he had

honored that duty during the period of time recited in the information that he will continue to shoulder the duty after acquittal, any more than it follows that if he is convicted rather than acquitted he will continue to refuse to support his wife. The judgment in the criminal case is not res judicata. *Krowka* v. *Colt Patent Fire Arm Mfg. Co.,* 125 Conn. 705, 714, 8 A.2d 5. Question (b) is answered "No."

As indicated above, we hold, in answer to questions (a) and (b), that neither the judgment in the divorce action nor the judgment in the criminal prosecution is res judicata in the present proceeding. The remaining two questions ask whether the judgments are admissible for any other purpose. These questions are unhappily phrased and are too broad to permit a categorical yes or no answer. For example either judgment might be admissible to prove its rendition, if that fact was relevant in the case at bar. But whether it is admissible on other grounds we do not determine because the questions do not disclose the purpose of the offer. For this reason we must refuse to answer questions (c) and (d).

Since the case is here by reservation, the taxation of costs in this court rests in the court's discretion. General Statutes § 8006; Cum. Sup. 1955, § 1970d.

We answer "No" to questions (a) and (b). The other questions are not answered.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.